(No. 3317— ▮▮▮▮▮▮▮▮▮▮▮▮)

James R. Nevin, Claimant, vs. State of Illinois, Respondent.

*Opinion filed October 10, 1939.*

Claimant, pro se.

John E. Cassidy, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

For a number of years prior to Friday, March 18, 1938, the claimant was in the employ of the Division of Highways, Department of Public Works and Buildings of the respondent as an assistant highway engineer. He worked out of the Elgin office and resided at Woodstock, Illinois. On the last mentioned date, while in the performance of his duties, about eight miles east of Lockport, and while engaged in securing soil samples by means of a gasoline operated sampling machine, a hammer weighing 150 pounds, used for the purpose of driving test pipes, dropped a distance of twenty inches on to claimant's left hand, crushing the first and second fingers thereof.

From the evidence in the record it appears that claimant received immediate medical and hospital attention at St. Joseph's Hospital in Joliet; that he remained in the hospital about an hour and then returned home, against the wishes of the treating physician; that he went to work the next morning (Saturday); that upon his return to his home in Woodstock on Saturday his hand was so painful that he went to the local hospital, where he remained under the treatment of Dr. Henry W. Sandeen for four days; that he then returned to his home, but remained under the care of Dr. Sandeen until April 4, 1938, on which date he returned to his regular work; that the period of temporary total disability was fifteen days; that claimant received his regular salary during the time he

was so disabled, to wit, the sum of $105.00; that he desires to have the period of his temporary disability considered as a sick leave, pursuant to the policy of the Elgin office of the Highway Department to allow each employee of such office (in case of sickness) two weeks' sick leave per year with pay.

Under the provisions of Paragraph 6 of Section 6 of the Court of Claims Act, our determination of claims of employees of the State for compensation for accidental injuries suffered in the course of employment is required to be made in accordance with the provisions of the Workmen's Compensation Act. The Compensation Act makes no provision for sick leave, and consequently any rights accruing to the claimant by virtue of any regulations adopted by the Elgin office of the Highway Department with reference to sick leave must be adjusted between the claimant and the Department, and cannot be determined in this proceeding.

From a consideration of the evidence in the record, we find that on said March 18, 1938, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date the claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to the respondent, and claim for compensation on account thereof was duly made in accordance with the provisions of the Compensation Act; that the annual earnings of said James R. Nevin for the year preceding the injury were $2,520.00, and his average weekly wage was $52.50; that at the time of the injury in question he was forty-five years of age and had one child under the age of sixteen years; that as the result of the accident in question claimant was temporarily totally disabled for the period of two and one-seventh weeks, and suffered the loss of the first finger of his left hand and the permanent and complete loss of twenty per cent (20%) of the use of the second finger of his left hand; that all medical, surgical and hospital bills have been paid by the respondent; that under the provisions of Section 8, paragraphs (b) and (e) of the Workmen's Compensation Act, claimant is entitled to have and receive from the respondent compensation at the rate of Fifteen Dollars ($15.00) per week for one and one-seventh (1-1/7) weeks, for temporary total disability, and in addition thereto for forty-seven (47) weeks for specific loss, as hereinbefore set forth, to wit, the total sum of Seven Hun-

dred Seven Dollars and Fourteen Cents ($707.14), less the sum of One Hundred Five Dollars ($105.00) heretofore paid to him as above set forth; such compensation to be paid in weekly installments of Fifteen Dollars ($15.00) commencing on March 19, 1938.

All of such compensation has accrued at this date, and an award is therefore entered in favor of the claimant for the sum of Six Hundred Two Dollars and Fourteen Cents ($602.14).

This award being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof," approved July 3, 1937 (Session Laws 1937, page 83), and being subject further to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Moneys until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws, 1939, p. 117); and being by the terms of the first mentioned Act subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.